# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FRANCISCO A. GRILLASCA BATTISTINI; KARLO G. FRANUSIC; INIRIO MAZARA TAPIA**<br><br>PLAINTIFFS<br><br>v.<br><br>**LA PICCOLA FONTANA, INC., d/b/a LA PICCOLA FONTANA**; **WOW RESTAURANT, INC. D/B/A WOW RESTAURANT GROUP; A, B and C**<br><br>DEFENDANTS | CIVIL NO. 17-1558<br><br>FLSA RETALIATION CLAIM<br>DEMAND FOR JURY TRIAL |

## COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

COME now plaintiffs, **FRANCISCO A. GRILLASCA-BATTISTINI; KARLO G. FRANUSIC** and **INIRIO MAZARA- TAPIA** represented by their undersigned counsel and very respectfully allege and pray as follows:

1. The Court has federal question jurisdiction under 28 U.S.C. 1331 and 1337 based upon the "Fair Labor Standards Act" ("FLSA"), 29 U.S.C. 201 et seq, as amended.

2. Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3) prohibits any person from retaliating against any employee because such employee has filed any complaint or initiated or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding.

3. The Court's supplementary jurisdiction to entertain local law claims arising under the same set of operative facts is hereby invoked. The local laws invoked are: "Puerto Rico Unjust Dismissal Act", Law 80-1976 ("Law 80"), 29 Laws of P.R. Anno. 185a; and "Puerto Rico Retaliation Act", Law 115-1991 ("Law 115"), 29 Laws of P.R. Anno. 194.

4. The proper venue is in this Court because Defendant conduct business in this jurisdiction and the acts and/or omissions giving rise to the claims alleged herein took place in this district.

5. The Plaintiff, Francisco A. Grillasca-Battistini, ("Grillasca"), is of legal age, and resident of Cabo Rojo, Puerto Rico; Plaintiff Karlo G. Franusic ("Franusic"), is of legal age, and resident of Carolina, Puerto Rico; Inirio Mazara- Tapia, ("Mazara"), is of legal age, and resident of Carolina, Puerto Rico; They all are U.S. Citizens.

6. Defendant La Piccola Fontana, Inc. ("La Piccola"), and Defendant Wow Restaurant, Inc. ("WOW"), are corporations duly authorized to do business in Puerto Rico. These Defendants, at all relevant times were plaintiffs' employers as defined by the federal and local laws invoked in this action. In the alternative, they are parties otherwise liable to plaintiffs under applicable law and/or under contract. A, B and C are hereby joined as unknown party Defendants, including but not limited, to insurance companies that have issued insurance policies covering this action.

7. All Defendants are hereinafter collectively referred as "Defendants".

8. La Piccola and WOW had a common ownership and management. Personnel, labor relations, accounting, and administrative functions were centralized. Decisions as to hiring and firing, supervision of employees; determination of payment of wages, determination of work schedule were centralized. Upon information and believed recently WOW's ownership sold its participation in La Piccola to third parties, nevertheless, WOW remained contractually obligated to respond to La Piccola and its new ownership for any labor legal claims broughts by any employees formerly with them. The assumption of said liability was a consideration in the transfer of ownership.

9. Plaintiff Grillasca was employed by Defendants as a "Bartender", "Runner", "Busser", "Cashier" and "Server" (term used to address indistinctively waiter/waitress).

10. Plaintiff Franusic was employed by Defendants as a "Bartender", "Buss boy" and "Server" (term used to addresss indistinctively waiter/waitress).

11. Plaintiff Mazara was employed by Defendants as "Runner" and "Server" (term used to address indistinctively waiter/waitress).

12. Grillasca, Franusic and Mazara filed a FLSA collective wages action (based, among others, on an illegal tip pool) against La Piccola Fontana in August 24th, 2015. *See*, *Grillasca-Batistini, et al v. La Piccola Fontana*, Civil No. 15-2167 (JAG)

13. The filing and prosecution of the previously mentioned FLSA judicial collective wage action before this Court constitutes protected activity under Section 15(a)(3) of the FLSA, and under "Law 115", and "Law 80".

14. On or around October 2016, La Piccola Fontana (which is located at the premises of the San Juan Hotel and Casino in Carolina, Puerto Rico) closed operations due to renovations. All plaintiffs were informed that upon re-opening operations on or around the early months of 2017 they would be called upon to continue their jobs.

15. Happens to be that Defendants opened operations and plaintiffs were not recruited to continue their jobs.

16. The acts perpetrated by defendants were done in retaliation for having brought a FLSA collective wage action.

17. Defendants conduct was willful and in reckless disregard of plaintiffs' federally and locally protected rights. Thus, the imposition of liquidated damages under FLSA follows.

18. Plaintiffs suffered past, present, and future damages, including economic damages (in the form of loss of income and benefits), forfeiture of accrued benefits, loss of opportunities for future income, compensatory damages such as mental suffering and anguishes.

19. Plaintiffs demand trial by jury in all causes of action.

WHEREFORE, it is respectfully requested from this Honorable Court:

A. To enter declaratory judgment stating that the acts complained herein are in violation of FLSA, and Puerto Rico Laws 80 and 115.

B. That plaintiffs be compensated for all their economic and mental suffering and anguishes, and other damages mentioned in this Complaint, in a sum not less than $1,000,000.00 each.

C. That compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

D. That damages be doubled as mandated by local law.

E. That attorney's and expert's fees be awarded.

F. That pre-judgment and post judgment interests be imposed.

G. That cost and all litigation expenses be taxed.

H. That plaintiffs be reinstated to his position under conditions were his rights are not violated, and restitution of loss benefit. If reinstatement is not practicable, then that be awarded in front pay.

I. That back and front pay be awarded.

J. That all benefits lost be compensated.

K. That injunctive relief be ordered.

L. That plaintiffs be granted such other further relief as it may be deem appropriate and proper, including an order

directing defendant to cease following a practice adverse to the FLSA, and Puerto Rico Laws 80 and 115.

In San Juan, Puerto Rico, on this April 28, 2017.

RESPECTFULLY SUBMITTED.

S/Enrique J. Mendoza Méndez
Enrique J. Mendoza Méndez
USDC-PR 202804

***MENDOZA LAW OFFICES***
P.O. Box 9282
San Juan, Puerto Rico 00908-0282
Tels. (787) 722-5522; 5530
Fax. (787) 723-7057
E-Mail Address: mendozalo@yahoo.com
